RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/14/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK NEWTON GREEN,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-02182 |
| VERSUS | |
| CAPT. DELMER MAXWELL, et al.,<br>    Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by pro se plaintiff Patrick Newton Green ("Green") on December 8, 2011 (Doc. 1) and amended on April 9, 2012 (Doc. 13).[1] The sole remaining defendant is George Stephenson ("Stephenson"), an Assistant Warden at the Winn Correctional Center ("WCC") in Winnfield, Louisiana.[2] Green alleges that Stephenson retaliated against him. For relief, Green asks for monetary damages. Green is presently incarcerated in the David Wade

---

[1] This case was originally filed in the Shreveport Division, and transferred to the Alexandria Division on April 5, 2012 (Doc. 13). The case was then assigned to U.S. District Judge Drell (Doc. 11), who reassigned it to U.S. District Judge Trimble on November 9, 2012 (Doc. 20).

[2] Green's action against Delmer Maxwell and Adam Howard was dismissed on January 7, 2013 (Doc. 21).

Correctional Center in Homer, Louisiana.

In his allegations against Stephenson, Green alleges that, on about August 25, 2011, LPN Adam Howard intentionally committed "fraud" by initial Green's medical notes as though he had administered Green's medications, although he had not; Green complained about Howard's actions (Doc. 1). Green contends that, on September 7, 2011, when he went before a Review Board on which Stephenson was sitting, Stephenson was angry with Green for complaining about Howard and made Green leave (Doc. 1). Green contends that, on October 12, 2011, he went before another Review Board on which Stephenson was not sitting and was told he had been assigned a higher security classification (raised from #1 to #2), then he was sent to see Stephenson, who yelled at him for having filed complaints against WCC employees. Green contends Stephenson then had Green transferred to the David Wade Correctional Center, a higher security prison. Green contends this was all done in retaliation for his having recently won an out-of-court settlement on September 2, 2011 on his claim for denial of medical care at WCC. Green contends he was previously given an out-of-court settlement in 2008 for another claim for denial of medical care at WCC (Doc. 1).

Stephenson answered the complaint and requested a jury trial (Doc. 23), then filed a motion for summary judgment (Doc. 27). Green filed a response to the motion (Doc. 27). Stephenson's

motion for summary judgment is now before the court for disposition.

## Law and Analysis

### Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.  However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff.  <u>Stewart v. Murphy</u>, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  In this analysis, we review the facts and draw all inferences most favorable to the nonmovant.  <u>Herrera v. Millsap</u>, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.  <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

<u>Exhaustion</u>

Stephenson contends that Green's complaint should be dismissed for failure to exhaust his administrative remedies.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted. 42 U.S.C. § 1997e(a). <u>Jones v. Bock</u>, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990.

Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. <u>Jones v. Bock</u>, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); <u>Torns v. Mississippi Dept. of Corrections</u>, 301 Fed.Appx. 386, 388 (5th Cir. 2008); <u>Carbe v. Lappin</u>, 492 F.3d 325, 327-328 (5th Cir. 2007). Where the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense. <u>Torns</u>, 301 Fed.Appx. at 389; <u>Carbe</u>, 492 F.3d at 328.

The formal inmate administrative process set forth in the La. Admin. Code, Title 22, Part 1, § 325(F)(1)(a), consists of two steps. The first step consists of writing a letter to the warden

in which the inmate briefly sets out the basis for his or her claim and the relief sought. The second step is an appeal to the Secretary of the DPSC in which the inmate indicates that he or she is not satisfied with the warden's response. The rules then provide that, if an inmate is not satisfied with the Second Step response, he may file suit in District Court.

An affidavit by Mona Heyse, the administrative remedy screening officer at WCC, shows that Stephenson filed a first step ARP on December 21, 2011, but did not file a second step ARP (Doc. 27).

Green contends that he mailed an appeal to Heyse on February 8, 2012 and alleges Heyse likely threw it away (Doc. 30). Green has not provided the court with a copy of that appeal, but states in an affidavit that he mailed a letter for Heyse on February 8, 2012, for which he was charged $1.50.

The second step (the appeal) must be mailed to the Secretary of the Department of Public Safety and Corrections, not to the Warden or his administrative remedy screening officer. Therefore, accepting as true Green's allegation that he mailed an appeal to Heyse, Green did not fulfill the second step of the administrative remedy process by sending his appeal to the Secretary to the Department of Public Safety and Corrections.[3]

---

[3] Heyse's allegation that she is unaware of Green having filed a second step grievance does not prove he did not do so, since second step grievances are mailed to the Secretary of the

Since there is no genuine issue of material fact as to whether Green exhausted his administrative remedies, Stephenson's motion for summary judgment should be granted and Green's claim should be dismissed without prejudice for lack of exhaustion.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Stephenson's motion for summary judgment be GRANTED and that Green's action against Stephenson be DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

Department of Public Safety and Corrections, and not to the Warden.

7

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of August 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8